IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CR-6-BO
NO. 7:15-CV-189-BO

| | |
|---|---|
| AVERY MULDROW,<br>    Petitioner, | )<br>)<br>) |
| v. | )   **ORDER** |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's corresponding motion to dismiss. For the reasons discussed below, respondent's motion is granted and petitioner's § 2255 motion is dismissed.

## BACKGROUND

Without a plea agreement, petitioner Avery Muldrow pled guilty on March 21, 2013, to four counts of distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). On July 22, 2013, the Court sentenced petitioner to concurrent prison terms of 120 months on each count, followed by a lifetime term of supervised release. After calculating a guideline range of 33 to 41 months, the Court stated that it was considering an upward departure or variance and gave both government counsel and defense counsel an opportunity to be heard on the potential deviation. Following arguments from both sides, the Court found that an upward departure was warranted and imposed the aforementioned sentence. Mr. Muldrow appealed.

As relevant to the instant motion, counsel argued on appeal that the sentence—including the lifetime term of supervised release—was both procedurally and substantively unreasonable.

Counsel specifically argued that the Court failed to give adequate notice of its intention to depart from the guideline range and that the Court failed to adequately justify its departure therefrom.

In an unpublished per curiam opinion decided May 29, 2014, the Fourth Circuit affirmed the Court's sentence. *United States v. Muldrow*, 573 F. App'x 264 (4th Cir. 2014) (unpublished) (per curiam). It assumed that the Court had provided inadequate notice of its intention to deviate from the guideline range and that such error was plain, but found that Mr. Muldrow did not identify what evidence or argument he would have presented that would have persuaded the Court to impose a shorter sentence. *Id.* at 267. Accordingly, the appellate court concluded that any assumed plain error did not affect Mr. Muldrow's substantial rights. *Id.* The Fourth Circuit also rejected the substantive unreasonableness argument, finding that Mr. Muldrow had not met his burden to establish that the sentence was substantively unreasonable. *Id.*

Acting pro se, Mr. Muldrow moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on August 31, 2015. In response, the government filed a motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

2

*Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Petitioner raises four claims, all of which assert that he received the ineffective assistance of counsel. In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90).

Petitioner first claims that trial counsel was ineffective at sentencing for failing to adequately respond to the Court's considerations and findings at sentencing and failing to request a continuance to adequately prepare for them. To demonstrate prejudice in the context of a sentencing, petitioner must demonstrate a reasonable that "his sentence would have been more lenient" but for counsel's alleged errors. *Royal v. Taylor*, 188 F.3d 239, 250 (4th Cir. 1999). Not only is petitioner unable to demonstrate the requisite prejudice, but he also cannot demonstrate that counsel's performance fell below an objective standard of reasonableness. Defense counsel rebutted the Court's claims that petitioner dealt heroin for "at least six years," and further argued that petitioner had tried to reform his life and had developed a plan to abandon his criminal past

3

in anticipation of the Court's concerns that petitioner posed a danger to the community. [Sentencing Tr., DE 35 at 21–23]. Clearly, counsel responded to the Court's concerns. Giving counsel the requisite deference, the Court cannot find that counsel's performance fell below an objective standard of reasonableness. Further, even if the Court were to assume that counsel's performance was deficient, petitioner has not demonstrated that his sentence would be more lenient but for counsel's alleged errors. Indeed, petitioner does not even assert what additional arguments and evidence counsel could have presented, thus he cannot demonstrate that there is a reasonable probability the sentence would have been lower.

Similarly, petitioner cannot meet either *Strickland* prong on his third claim, which is that defense counsel inadequately argued substantive unreasonableness on appeal. Petitioner does not identify any omitted arguments or explain what counsel should have done differently, thus petitioner cannot demonstrate any deficient performance. Moreover, the Fourth Circuit analyzed the substantive reasonableness of the sentence on appeal and found that the sentence was not substantively unreasonable, thus petitioner cannot demonstrate any prejudice from counsel's alleged error. *United States v. Muldrow*, 573 F. App'x 264, 267 (4th Cir. 2014) (unpublished) (per curiam).

Petitioner also claims that appellate counsel was ineffective for failing to argue that the sentence was procedurally unreasonable. This claim fails because appellate counsel did, in fact, raise procedural reasonableness on appeal. *United States v. Muldrow*, No. 13-4653, Appellant's Br., DE 30 at 12–19. The Fourth Circuit rejected the argument. *Muldrow*, 573 F. App'x at 266–67. Petitioner's fourth claim—that counsel failed to challenge whether the Court sufficiently justified a lifetime term of supervised release—fails for the same reason. Counsel did, in fact,

4

raise the argument on appeal. *Muldrow*, No. 13-4653, Appellant's Br., DE 30 at 16, 19–20. Again, the Fourth Circuit rejected the argument. *Muldrow*, 573 F. App'x at 266–67.

For the foregoing reasons, none of the claims raised in petitioner's motion pursuant to 28 U.S.C. § 2255 are meritorious or require an evidentiary hearing. Accordingly, he fails to state a claim upon which relief can be granted, thus respondent's motion to dismiss is granted and petitioner's motion to vacate is dismissed.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss [DE 47] is GRANTED and petitioner's § 2255 petition [DE 41] is DISMISSED in its entirety. A certificate of appealability is DENIED.

SO ORDERED, this __7__ day of January, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE