IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-6-BO

| | | |
|---|---|---|
| AVERY MULDROW, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's *pro se* motion to modify his conditions and length of supervised release under 18 U.S.C. § 3583. [DE 58]. The government has responded in opposition and the matter is ripe for disposition. For the reasons discussed below, petitioner's motion to modify his supervised release term [DE 58] is DENIED.

## BACKGROUND

In March 2013, petitioner pleaded guilty without a plea agreement to four counts of distributing a quantity of heroin in violation of 21 U.S.C. § 841(a)(1). [DE 22]. In July 2013, the Court sentenced petitioner to concurrent terms of 120 months' imprisonment on each count, followed by a lifetime of supervised release. [DE 29].

Petitioner appealed, arguing, among other things, that the lifetime term of supervised release was procedurally and substantively unreasonable. [DE 36]. The Fourth Circuit affirmed the sentence. *United States v. Muldrow*, 573 F. App'x 264 (4th Cir. 2014) (unpublished) (per curiam). In 2015, petitioner filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, alleging that his counsel was ineffective at sentencing. [DE 41]. The Court dismissed petitioner's Section 2255 motion for failure to state a claim under Rule 12(b)(6). [DE 44].

In August 2018, petitioner filed the instant motion under 18 U.S.C. 3583, attempting to

modify the terms and length of his supervised release. [DE 58]. The government has responded in opposition, arguing that petitioner's motion must be recharacterized as a Section 2255 motion and dismissed as second or successive. [DE 61].

## DISCUSSION

The relief that petitioner requests is the same as what would result from a successful motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Ultimately, petitioner wants his sentence to be vacated or corrected. This Court must, therefore, consider petitioner's motion as a Section 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996 provides that before a second or successive habeas corpus petition may be filed in district court, the petitioner must move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(3)(A); *see also* 28 U.S.C. § 2255(h).

Petitioner has filed a previous Section 2255 petition which was dismissed on the merits. [DE 44]. As his instant motion attacks the same sentence that was challenged then, the motion is properly construed as a second or successive Section 2255 petition. Because the motion is second or successive, petitioner is not required to receive notice of the Court's recharacterization of the motion. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). The Court is without jurisdiction to review this matter until authorized to do so by the Fourth Circuit Court of Appeals. *See Winestock*, 340 F.3d at 205. As petitioner has not received such authorization from the Fourth Circuit, his Section 2255 motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating

2

that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, petitioner's motion to modify his conditions and length of supervised release [DE 58] is DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 19 day of November, 2018.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3